**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ILLUMINATION INNOVATION, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| | § | |
| ACE HARDWARE CORPORATION, | § | |
| AMAZON.COM, INC., | § | |
| ANALOG TECHNOLOGIES, INC., | § | |
| 6766285 CANADA INC., DBA | § | |
| DIVVALI LIGHTING, | § | |
| DORCY INTERNATIONAL, | § | |
| LED DYNAMICS, INC., | § | |
| LEDTRONICS, INC., | § | JURY TRIAL DEMANDED |
| LOWE'S HOME CENTERS, INC., | § | |
| NITE IZE, INC., | § | |
| SEARS BRANDS, LLC, | § | |
| SEARS HOLDINGS MANAGEMENT | § | |
| CORPORATION, DBA SEARS, | § | |
| SEARS, ROEBUCK AND COMPANY, | § | |
| SUPER BRIGHT LEDS, INC., and | § | |
| TERRALUX, INC., | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Illumination Innovation, LLC, for its Complaint for Patent Infringement against

Ace Hardware Corporation, Amazon.com, Inc., Analog Technologies, Inc., 6766285 Canada

Inc., doing business as Divvali Lighting, Dorcy International, LED Dynamics, Inc., LEDtronics,

Inc., Lowe's Home Centers, Inc., Nite Ize, Inc., Sears Brands, LLC, Sears Holdings Corporation,

doing business as Sears, Sears, Roebuck and Company, Super Bright LEDS, Inc. and TerraLUX,

Inc. (hereinafter referred to collectively as "Defendants"), states the following:

1

**<u>Parties</u>**

1.      Plaintiff Illumination Innovation, LLC ("Illumination Innovation") is a Texas limited liability company with its principal place of business in Marshall, Texas.

2.      On information and belief, Defendant Ace Hardware Corporation ("Ace") is a Delaware corporation registered to do business in the State of Texas with its principal place of business in Oak Brook, Illinois.  Ace may be served with process through its registered agent, Lexis Document Services Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218

3.      On information and belief, DefendantAmazon.com, Inc. ("Amazon") is a Delaware corporation with its principal place of business in Seattle, Washington.  Amazon may be served with process through its registered agent, Corporation Service Company, 300 Deschutes Way S.W., Suite 304, Tomwater, Washington 98501.

4.      On information and belief, Defendant Analog Technologies, Inc. ("Analog") is a Delaware corporation with its principal place of business in Sunnyvale, California.  Analog may be served with process through its agent for service of process, Shunmian Ren, 1097 Borregas Avenue, Sunnyvale, California 94089

5.      On information and belief, Defendant 6766285 Canada Inc. is a Canadian corporation doing business as Divvali Lighting ("Divvali") with its principal place of business at 146, Promenade Ronald, Montréal (Québec) H4X 1M8, Canada.  Divvali may be served with process at its principal place of business or by serving its President Daniel Messer or other officer,  at 5895, Centennial, Appartement 20, Cote-Saint-Luc (Québec) H4W 1T2, Canada.

6.      On information and belief, Defendant Dorcy International, Inc. ("Dorcy") is an Ohio corporation with its principal place of business in Columbus, Ohio.  Dorcy may be served

with process through its registered agent, Kathleen A. Kress, 1000 Jackson Street, Toledo, Ohio 43624.

7.      On information and belief, Defendant LEDdynamics, Inc. ("LEDdynamics") is a Delaware corporation with its principal place of business in Randolph, Vermont.  LEDdynamics may be served with process by serving its registered agent, William McGrath, 44 Hull Street, Randolph, Vermont 05060.

8.      On information and belief, Defendant LEDtronics, Inc. ("LEDtronics") is a California corporation with its principal place of business in Torrance, California.  LEDtronics may be served with process through its agent for service of process, Pervaiz Lodhie, 12 Upper Blackwater Canyon Road, Rolling Hills, California 90274.

9.      On information and belief, Defendant Lowe's Home Centers, Inc. ("Lowe's) is a North Carolina corporation registered to do business in the State of Texas with its principal place of business in Wilkesboro, North Carolina.   Lowe's may be served with process through its registered agent, Corporation Service Company, doing business as CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

10.      On information and belief, Defendant Nite Ize, Inc. ("Nite Ize") is a Colorado corporation with its principal place of business in Boulder, Colorado.  Nite Ize may be served with process through its registered agent, Nite Ize Inc., 5660 Central Avenue, Boulder, Colorado 80301.

11.      On information and belief, Defendant Sears Brands, LLC ("Sears Brands") is an Illinois limited liability company with its principal place of business in Hoffman Estates, Illinois. Sears Brands may be served with process through its registered agent, CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, IL 60604.

12.     On information and belief, Defendant Sears Holdings Management Corporation is a Delaware corporation registered to do business in the State of Texas with its principal place of business in Hoffman Estates, Illinois.  Sears Holdings may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

13.     On information and belief, Defendant Sears, Roebuck and Company. ("Sears, Roebuck") is a New York corporation registered to do business in the State of Texas with its principal place of business in Hoffman Estates, Illinois.  Sears Roebuck may be served with process through its registered agent, CT Corp System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.  Sears Brands, LLC, Sears Holdings Corporation doing business as Sears, and Sears, Roebuck and Company are hereinafter referred to collectively as "Sears."

14.     On information and belief, Defendant Super Bright LEDs, Inc. ("Super Bright") is a Missouri corporation with its principal place of business in St. Louis, Missouri.  Super Bright may be served with process through its registered agent, Greg Henderson, 113 Kendl Court, Florissant, Missouri 63031.

15.     On information and belief, Defendant TerraLUX, Inc. ("TerraLUX") is a Delaware corporation with its principal place of business in Boulder, Colorado.  TerraLUX may be served with process through its registered agent, Anthony Catalano, 1448 Carriage Hills Drive, Boulder, Colorado 80302.

### Jurisdiction and Venue

16.     This action arises under the patent laws of the United States, and in particular, 35 U.S.C. § 271 *et seq.* and § 281 *et seq.*

17.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 (a).

18.     This Court has personal jurisdiction over each of the Defendants under the Texas long-arm statute, Tex. Civ. Prac. & Rem. Code § 17.042 *et seq*., and the due process clause of the United States Constitution because each Defendant has sufficient minimum contacts with this forum such that the exercise of jurisdiction over each Defendant will not offend traditional notions of fair play and substantial justice.

19.     On information and belief, each of the Defendants has continuously and systematically conducted business in the State of Texas and this judicial district.  More specifically, on information and belief, each Defendant has regularly conducted and solicited business, and sold, offered for sale, marketed, advertised and distributed products, in the State of Texas and this judicial district.  Each Defendant sells, offers for sale, advertises and promotes its products, including infringing products, as described hereinafter, through an interactive website that is used in or accessible to consumers in the State of Texas and this judicial district.

20.      On information and belief, and as set forth hereinafter, each of the Defendants has committed and continues to commit acts of patent infringement in the State of Texas and this judicial district.

21.     Venue is proper in this district under 28 U.S.C. §§ 1391 (b), (c) and (d) and 1400(b).

## Infringement of U.S. Patent No. 6,502,952

22.     On January 7, 2003, U.S. Patent No. 6,502,952 ("the '952 patent), entitled *Light Emitting Diode Assembly for Flashlights*, was duly and legally issued to Fred Jack Hartley.  A copy of the '952 patent is attached as Exhibit A.

23.     Pursuant to an assignment from Fred Jack Hartley, Illumination Innovation owns the '952 patent and has the right to bring this action, to enforce the '952 patent and to recover damages and other relief for infringement thereof.

24.     Illumination Innovation is in the business of selling light emitting diode lamp assemblies for flashlights ("LED lamps"), including LED lamps covered by the '952 patent.

25.     On information and belief, Defendant Ace has been and is infringing the '952 patent by, without authority, making, using, offering to sell, or selling in this judicial district and elsewhere within the United States, or importing into the United States, LED lamps embodying the patented invention of the '952 patent or equivalents thereof.  In particular, on information and belief, Defendant Ace sells and offers to sell in this judicial district and elsewhere in the United States LED lamps that infringe, either literally or under the doctrine of equivalents, at least one claim of the '952 patent.  Defendant Ace is, therefore, liable for infringement of the '952 patent pursuant to 35 U.S.C. § 271 (a).

26.     On information and belief, Defendant Amazon has been and is infringing the '952 patent by, without authority, making, using, offering to sell, or selling in this judicial district and elsewhere in the United States, or importing into the United States, LED lamps embodying the patented invention of the '952 patent or equivalents thereof.  In particular, on information and belief, Defendant Amazon sells and offers to sell in this judicial district and elsewhere in the United States LED lamps that infringe, either literally or under the doctrine of equivalents, at least one claim of the '952 patent.  Defendant Amazon is, therefore, liable for infringement of the '952 patent pursuant to 35 U.S.C. § 271 (a).

27.     On information and belief, Defendant Analog has been and is infringing the '952 patent by, without authority, making, using, offering to sell, or selling in this judicial district and

elsewhere in the United States, or importing into the United States, LED lamps embodying the patented invention of the '952 patent or equivalents thereof.  In particular, on information and belief, Defendant Analog sells and offers to sell in this judicial district and elsewhere in the United States LED lamps that infringe, either literally or under the doctrine of equivalents, at least one claim of the '952 patent.  Defendant Analog, therefore, liable for infringement of the '952 patent pursuant to 35 U.S.C. § 271 (a).

28.     On information and belief, Defendant Divvali has been and is infringing the '952 patent by, without authority, making, using, offering to sell, or selling in this judicial district and elsewhere in the United States, or importing into the United States, LED lamps embodying the patented invention of the '952 patent or equivalents thereof.  In particular, on information and belief, Defendant Divvali sells and offers to sell in this judicial district and elsewhere in the United States LED lamps that infringe, either literally or under the doctrine of equivalents, at least one claim of the '952 patent.  Defendant Divvali is, therefore, liable for infringement of the '952 patent pursuant to 35 U.S.C. § 271 (a).

29.     On information and belief, Defendant Dorcy has been and is infringing the '952 patent by, without authority, making, using, offering to sell, or selling in this judicial district and elsewhere in the United States, or importing into the United States, LED lamps embodying the patented invention of the '952 patent or equivalents thereof.  In particular, on information and belief, Defendant Dorcy sells and offers to sell in this judicial district and elsewhere in the United States LED lamps that infringe, either literally or under the doctrine of equivalents, at least one claim of the '952 patent.  Defendant Dorcy is, therefore, liable for infringement of the '952 patent pursuant to 35 U.S.C. § 271 (a).

30.     On information and belief, Defendant LEDdynamics has been and is infringing the '952 patent by, without authority, making, using, offering to sell, or selling in this judicial district and elsewhere in the United States, or importing into the United States, LED lamps embodying the patented invention of the '952 patent or equivalents thereof.  In particular, on information and belief, Defendant LEDdynamics sells and offers to sell in this judicial district and elsewhere in the United States LED lamps that infringe, either literally or under the doctrine of equivalents, at least one claim of the '952 patent.  Defendant LED dynamics is, therefore, liable for infringement of the '952 patent pursuant to 35 U.S.C. § 271 (a).

31.     On information and belief, Defendant LEDtronics has been and is infringing the '952 patent by, without authority, making, using, offering to sell, or selling in this judicial district and elsewhere in the United States, or importing into the United States, LED lamps embodying the patented invention of the '952 patent or equivalents thereof.  In particular, on information and belief, Defendant LEDtronics sells and offers to sell in this judicial district and elsewhere in the United States LED lamps that infringe, either literally or under the doctrine of equivalents, at least one claim of the '952 patent.  Defendant LEDtronics is, therefore, liable for infringement of the '952 patent pursuant to 35 U.S.C. § 271 (a).

32.     On information and belief, Defendant Lowe's has been and is infringing the '952 patent by, without authority, making, using, offering to sell, or selling in this judicial district and elsewhere in the United States, or importing into the United States, LED lamps embodying the patented invention of the '952 patent or equivalents thereof.  In particular, on information and belief, Defendant Lowe's sells and offers to sell in this judicial district and elsewhere in the United States LED lamps that infringe, either literally or under the doctrine of equivalents, at

least one claim of the '952 patent.  Defendant Lowe's is, therefore, liable for infringement of the '952 patent pursuant to 35 U.S.C. § 271 (a).

33.     On information and belief, Defendant Nite Ize has been and is infringing the '952 patent by, without authority, making, using, offering to sell, or selling in this judicial district and elsewhere in the United States, or importing into the United States, LED lamps embodying the patented invention of the '952 patent or equivalents thereof.  In particular, on information and belief, Defendant Nite Ize sells and offers to sell in this judicial district and elsewhere in the United States LED lamps that infringe, either literally or under the doctrine of equivalents, at least one claim of the '952 patent.  Defendant Nite Ize is, therefore, liable for infringement of the '952 patent pursuant to 35 U.S.C. § 271 (a).

34.     On information and belief, Defendant Sears has been and is infringing the '952 patent by, without authority, making, using, offering to sell, or selling in this judicial district and elsewhere in the United States, or importing into the United States, LED lamps embodying the patented invention of the '952 patent or equivalents thereof.  In particular, on information and belief, Defendant Sears sells and offers to sell in this judicial district and elsewhere in the United States LED lamps that infringe, either literally or under the doctrine of equivalents, at least one claim of the '952 patent.  Defendant Sears is, therefore, liable for infringement of the '952 patent pursuant to 35 U.S.C. § 271 (a).

35.     On information and belief, Defendant Super Bright has been and is infringing the '952 patent by, without authority, making, using, offering to sell, or selling in this judicial district and elsewhere in the United States, or importing into the United States, LED lamps embodying the patented invention of the '952 patent or equivalents thereof.  In particular, on information and belief, Defendant Super Bright sells and offers to sell in this judicial district and elsewhere in

9

the United States LED lamps that infringe, either literally or under the doctrine of equivalents, at least one claim of the '952 patent.  Defendant Super Bright is, therefore, liable for infringement of the '952 patent pursuant to 35 U.S.C. § 271 (a).

36.     On information and belief, Defendant TerraLUX has been and is infringing the '952 patent by, without authority, making, using, offering to sell, or selling in this judicial district and elsewhere in the United States, or importing into the United States, LED lamps embodying the patented invention of the '952 patent or equivalents thereof.  In particular, on information and belief, Defendant TerraLUX sells and offers to sell in this judicial district and elsewhere in the United States LED lamps that infringe, either literally or under the doctrine of equivalents, at least one claim of the '952 patent.  Defendant TerraLux is, therefore, liable for infringement of the '952 patent pursuant to 35 U.S.C. § 271 (a).

37.     Illumination Innovation has been damaged by Defendants' infringement of the '952 patent and is entitled to an award of damages adequate to compensate for the infringement, together with interest and costs.

38.     Illumination Innovation has suffered and will continue to suffer severe and irreparable harm for which it has no adequate remedy at law unless this Court issues a permanent injunction enjoining Defendants, and their officers, agents, servants, employees and other persons in active concert or participation with any of them, from infringing the '952 patent.

39.     Alternatively, in the event the Court determines not to enter a permanent injunction prohibiting the Defendants from infringing the '952 patent, Illumination Innovation is entitled to an award of post-judgment or ongoing royalties for Defendants' future infringement of the '952 patent.

40.     On information and belief, this is an exceptional case within the meaning of 35 U.S.C. § 285 and, therefore, Illumination Innovation is entitled to recover its reasonable attorneys fees incurred in this case.

41.     Illumination Innovation reserves the right to take discovery from Defendants in regard to their knowledge of the '952 patent prior to the filing of this Complaint.  In any event, to the extent any of the Defendants continue to infringe during the pendency of this case, such infringement would be willful and objectively reckless.

## PRAYER FOR RELIEF

WHEREFORE, Illumination Innovation prays for:

A.     judgment that each of the Defendants has infringed the '952 patent;

B.     a permanent injunction enjoining and restraining Defendants, and each of their officers, agents, servants, employees and other persons in active concert or participation with any of them, from infringing the '952 patent;

C.     an award of damages adequate to compensate Illumination Innovation for Defendants' infringement of the '952 patent;

D.     judgment that each Defendant's infringement of the '952 patent was willful;

E.     in the event a permanent injunction is not entered, judgment that Illumination Innovation recover post-judgment or ongoing royalties for each Defendant's future infringement of the '952 patent;

F.     an award of enhanced damages pursuant to 35 U.S.C. § 284;

G.     judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and that Illumination Innovation be awarded its reasonable attorneys fees incurred in this action;

H.      judgment that Illumination Innovation recover pre-judgment and post-judgment interest and costs pursuant to 35 U.S.C. § 284; and,

I.      such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Fed. R. Civ. P., Illumination Innovation hereby demands a trial by jury on all issues so triable in this action.

Dated: January 24, 2011

Respectfully submitted,

Carl R. Roth
  State Bar No. 17312000
  cr@rothfirm.com
Brendan C. Roth
  State Bar No. 24040132
  br@rothfirm.com
Amanda A. Abraham
  State Bar No.24055077
  aarothfirm.com

**THE ROTH LAW FIRM, P.C.**
115 N. Wellington, Suite 200
Marshall, Texas 75670
Phone:  903.935.1665
Facsimile:  903.335.1797

Martin E. Rose (Lead attorney)
  State Bar No. 17253100
  mrose@rosewalker.com
John P. Pinkerton
  State Bar No. 16016700
  jpinkerton@rosewalker.com
Ross Cunningham
  State Bar No. 24007062
  rcunningham@rosewalker.com

**ROSE·WALKER, L.L.P.**
3500 Maple Avenue, Suite 900
Dallas, Texas 75219
Phone:  214.752.8600
Facsimile: 214.752.8700

**ATTORNEYS FOR PLAINTIFF
ILLUMINATION INNOVATION, LLC**